IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN BERLINSKI AND MARGARET BERLINSKI<br><br>vs.<br><br>API OUTDOORS; GLOBAL MANUFACTURING COMPANY, LLC; BGHA, INC. d/b/a BIG GAME HUNTING ACCESSORIES; THE SPORTSMAN'S GUIDE, INC. d/b/a SPORTSMAN'S GUIDE; JOHN DOES 1-10 (said names fictitious real names unknown) individually, and as agents, servants, and/or employees of API OUTDOORS; GLOBAL MANUFACTURING COMPANY, LLC; BGHA, INC. d/b/a BIG GAME HUNTING ACCESSORIES; and/or THE SPORTSMAN'S GUIDE, INC. D/B/A SPORTSMAN'S GUIDE; ABC CORPS. 1-10 (said names fictitious, real name unknown), individually, and as agents, servants and/or employees of ABC CORPS. 1-10. | CIVIL ACTION NO.<br><br>3:15-cv-03480-AET-LHG |

**ANSWER OF DEFENDANT GLOBAL MANUFACTURING COMPANY, LLC, TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

DEFENDANT, Global Manufacturing Company, LLC, by and through its counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, files the within Answer to the Complaint of Martin Berlinski and Margaret Berlinski, and Affirmative Defenses and Crossclaims:

**JURISDICTION**

1. Admitted in part, denied in part. It is admitted Global Manufacturing Company, LLC, is

a company that does business in the State of Minnesota. All other averments are denied as legal conclusions and/or as directed to parties other than Answering Defendant and no answer is required.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied. Answering Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in this paragraph. The averments of this paragraph are further denied as conclusions of law to which no further response is required and are at issue.

8. Denied.

## FIRST COUNT

1. Admitted in part, denied in part. It is admitted Global Manufacturing Company, LLC, is a company that does business in the State of Minnesota. All other averments are denied as legal conclusions and/or as directed to parties other than Answering Defendant and no answer is required.

2. Denied.

3. Denied. Answering Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in this paragraph. The averments of this paragraph are further denied as conclusions of law to which no further response is required and are at issue.

4. Denied.

5. Denied.

**WHEREFORE,** Answering Defendant, respectfully requests that this Honorable Court enter judgment in favor of Answering Defendant and against Plaintiffs, dismissing Count One and for such other interests, costs, fees and relief as this Honorable Court deems appropriate.

## SECOND COUNT

1. Answering Defendant incorporates its foregoing responses as if set forth herein.

2. Denied as a legal conclusion and/or as directed to parties other than Answering Defendant and no answer is required.

3. Denied.

4. Denied.

5. Denied.

**WHEREFORE,** Answering Defendant, respectfully requests that this Honorable Court enter judgment in favor of Answering Defendant and against Plaintiffs, dismissing Count One and for such other interests, costs, fees and relief as this Honorable Court deems appropriate.

## THIRD COUNT

1. Answering Defendant incorporates its foregoing responses as if set forth herein.

2. Denied.

3. Denied.

4. Denied.

**WHEREFORE,** Answering Defendant, respectfully requests that this Honorable Court enter judgment in favor of Answering Defendant and against Plaintiffs, dismissing Count One and for such other interests, costs, fees and relief as this Honorable Court deems appropriate.

## FOURTH COUNT

1. Answering Defendant incorporates its foregoing responses as if set forth herein.

2. Denied. Answering Defendant lacks sufficient knowledge to either admit or deny the allegations set forth in this paragraph.

3. Denied.

**WHEREFORE,** Answering Defendant, respectfully requests that this Honorable Court enter judgment in favor of Answering Defendant and against Plaintiffs, dismissing Count One and for such other interests, costs, fees and relief as this Honorable Court deems appropriate.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' complaint fails to state a cause of action against the Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred, completely or partially, by the contributory negligence or comparative negligence of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged wrongful conduct as to Answering Defendant was not the proximate cause of the damages alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the facts show that Global Manufacturing Company, LLC, owed any duty to Plaintiffs, then it did not breach such duty.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, in that any alleged damages were caused, in whole or in part, by the actions and/or inactions of one or more persons or entities for

whose conduct defendant is not responsible and over whom/which Answering Defendant had no control or right of control.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant breached no warranties, express or implied, to Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, to the extent that the evidence at trial establishes the applicability of the doctrines of estoppel, waiver, laches, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Upon advice of counsel, Defendant believes and therefore avers that Plaintiffs failed to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

Upon advice of counsel, it is believed and therefore averred that plaintiff's injuries may have been proximately caused by his own misuse of the product at issue.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendant made no warranty, either express or implied, to plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

The danger, if any, associated with the product at issue was open and obvious.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed for its failure to join an indispensable party/parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

The acts or omissions of other individuals and/or entities constituted an intervening and/or superseding cause of the injuries alleged to have been sustained by the plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defect and/or condition alleged is the result of abuse, neglect or unauthorized modification or alteration of the subject product.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Entire Controversy Doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the injury and damages being claimed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon advice of counsel, Defendant pleads the doctrine of avoidable consequences.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover to the extent that the evidence shows that the product at issue was not defective and/or that any alleged risk was open and obvious.

### TWENTIETH AFFIRMATIVE DEFENSE

Any warnings given by Defendant were adequate and/or any failure to warn was not the proximate cause of any alleged injury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon advice of counsel, Defendant raises the defense of insufficiency of process and service of process.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because at the time of the sale of the product, a reasonable alternative design was not available that would have prevented the harm, same being denied, to Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

When the product left the control of the manufacturer, distributor and/or seller, the benefits associated with the product design of which Plaintiff complains exceeded the foreseeable risks associated with that design.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

When the product left the control of the manufacturer, distributor and/or seller, the design of the subject product conformed to all applicable public and private product standards.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs seek to recover for injuries that were caused by an inherent characteristic of the product which is a generic part of the product that cannot be eliminated without substantially compromising the products usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are based on implied and/or express warranty are barred because Plaintiff was never in privity with Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by statutes and regulations of the US Government, other agencies and governmental agencies.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the New Jersey Products Liability Act.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant avers that venue and jurisdiction is improper and/or dismissal is proper pursuant to the doctrine of *forum non conveniens*.

## CROSSCLAIM AGAINST DEFENDANTS API OUTDOORS, THE SPORTSMAN'S GUIDE, INC. D/B/A SPORTSMAN'S GUIDE, JOHN DOES 1-10 (SAID NAMES FICTITIOUS REAL NAMES UNKNOWN) INDIVIDUALLY, AND AS AGENTS, SERVANTS, AND/OR EMPLOYEES OF API OUTDOORS, AND THE SPORTSMAN'S GUIDE, INC. D/B/A SPORTSMAN'S GUIDE, ABC CORPS. 1-10 (SAID NAMES FICTITIOUS, REAL NAME UNKNOWN), INDIVIDUALLY, AND AS AGENTS, SERVANTS AND/OR EMPLOYEES OF ABC CORPS. 1-10.

The Complaint of Plaintiffs is incorporated by reference (all claims against answering Defendant are denied), and although Answering Defendant denies Plaintiffs' claims of liability against any Defendants, to the extent that any other party is found liable, (all claims against Answering Defendant are denied), Answering Defendant asserts that Defendants, API Outdoors, The Sportsman's Guide, Inc. D/B/A Sportsman's Guide, John Does 1-10 (said names fictitious real names unknown) Individually, and as agents, servants, and/or employees of API Outdoors, and The Sportsman's Guide, Inc. d/b/a Sportsman's Guide, ABC Corps. 1-10 (Said Names Fictitious, Real Name Unknown), individually, and as agents, servants and/or employees of ABC Corps. 1-10. are either solely liable to the Plaintiffs and/or jointly and severally liable or liable over to Answering Defendant for indemnification and/or contribution including counsel fees and costs.

Respectfully Submitted,

**WEBER GALLAGHER SIMPSON STAPLETON, FIRES & NEWBY, LLP**

By: _/s/ Matthew G. Laver_

Matthew G. Laver, Esquire
Joseph Goldberg, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
mlaver@wglaw.com
jgoldberg@wglaw.com
*Attorneys for the Defendant*
*Global Manufacturing Company, LLC*

Dated: May 28, 2015

9

**CERTIFICATE OF SERVICE**

I, Matthew G. Laver, Esquire, do hereby certify that on the date indicated below, I served via electronic and/or regular mail, a true and correct copy of the within Answer to Plaintiffs' Complaint with Affirmative Defenses and Crossclaims on the following:

Raymond A. Gill, Jr.
Gill & Chamas, LLC
655 Florida Grove Road
P.O. Box 760
Woodbridge, NJ 07095

Lisa C. Eldridge
Clark Hill, PLC
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103
*Attorney for BGHA, Inc. d/b/a Big Game Hunting Accessories*

API Outdoors
1820 N. Redding Avenue
P.O. Box 24
Windom, Minnesota 56101

The Sportsman's Guide, Inc. d/b/a Sportsman's Guide
2411 Farwell Avenue
South St. Paul, Minnesota 55075

Matthew G. Laver, Esquire

Date: May 28, 2015